```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                                                v.

MONTU LIGHTEN,
AMANDA GOSS,

                                      Defendants.

**Hon. Hugh B. Scott**

08CR214A

**Order**

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 15).

       The instant matters before the Court are the defense omnibus motions from (a) Montu Lighten (Docket No. 21[1]) seeking various discovery relief (namely discovery; <u>Brady</u>; production of Federal Rules of Evidence 404(b), 608, 609 materials; Jencks Act/disclosure of witness statements; preservation of rough notes; leave to make additional motions) and from (b) Amanda Goss (Docket No. 52[2]) seeking to exclude statements of non-testifying co-conspirators; filing of a Bill of Particulars; to reveal informants; production of discovery and <u>Brady</u> materials; production of Rules 404(b), 608, 609 materials; disclosure of witness statements/Jencks Act; preservation of rough notes; production of grand jury transcripts; severance; an audibility hearing; voir dire

---

[1] In response to this motion, the Government filed its Response, Docket No. 22.

[2] In response to this motion, the Government filed its Response, Docket No. 54.
      Goss' motion was filed after change of counsel, <u>see</u> text minute entry Nov. 25, 2008, and several motions seeking extension of time to file, Docket Nos. 31, 32, 36, and an earlier attempt to file this motion, Docket No. 51.

conducted outside the presence of the jury; and leave to make additional motions. Goss also joins in co-defendant's motion (id. at 43). Also before this Court is the Government's motion for reciprocal discovery from both defendants (Docket No. 22, Gov't Response to Lighten at 13-14; Docket No. 54, Gov't Response to Goss at 18-19). Separately, the defendants each have moved to suppress evidence (or joined in those motions) and those motions are addressed in a separate Report and Recommendation (Docket No. 60).

As for Goss, the latest briefing schedule had her motion due by December 22, 2009; the Government's response by January 8, 2010; and oral argument on January 26, 2010 (Docket No. 47; text entry of minutes, Oct. 30, 2009; text notice, Jan. 7, 2010). Post-evidentiary hearing argument of Lighten's motion also was held on January 26, 2010 (Docket No. 48; text notice, Jan. 7, 2010).

## BACKGROUND

Defendants were charged with conspiracy to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), and possession of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 844(a), on April 8, 2008 (Docket No. 14, Indict., Count I). They were also charged with unlawful possession with intent to distribute of 5 grams or more of that substance (or a mixture and substance containing cocaine), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession of that substance, in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2 (id., Counts II, IV, III).

**DISCUSSION**

I.      Bill of Particulars

Next, Goss moves for the filing of a Bill of Particular as to her role in this case (Docket No. 52, Goss Motion at 7-11). The Government rejects this, arguing that "very liberal" discovery has been provided to Goss, the straight forward nature of the case and that particularization is unnecessary here (Docket No. 54, Gov't Response to Goss at 8).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that Goss **is not entitled** to a Bill of Particulars inasmuch as she is sufficiently advised of the charges against her to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect her from double jeopardy.

II.     Revelation of Identity of Informants

Goss next seeks disclosure of the identity of the informants that lead to the stopping of her vehicle and post-arrest search warrant (Docket No. 52, at 11-17). The Government objects and states that this additional production is unwarranted (Docket No. 54, Gov't Response to Goss at 10-11). Any identification or impeachment information about informants will be produced when the Government furnishes its Jencks Act materials (id. at 11).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The moving defendants have not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

III.    Discovery

Defendants both seek various items of pretrial discovery (Docket No. 21, Lighten Motion at 3-4; Docket No. 52, Goss Motion at 17-24). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government contends that it fulfilled its discovery obligations to defendants (Docket No. 22, Gov't Response to Lighten at 6; Docket No. 54, Gov't Response to Goss at 11-12).

A. Statements

Pursuant to Rule 16(a)(1)(A), defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[3] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented generally that extensive discovery has been furnished and further disclosure is not necessary (Docket No. 314, Gov't Response at 11). To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendants.

B. Statements of Co-Conspirators

Defendants have also requested production of all statements of any co-conspirator, whether charged or uncharged. This request is **denied**. It is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286

---

[3]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500 (the Jencks Act).

(2d Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d Cir.), cert. denied, 396 U.S. 879 (1969).

  C. Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. To the extent these items have yet to be produced, the Government is **ordered to produce these items**.

  D. Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests. The Government has responded that lab reports have been turned over to defendants (Docket No. 22, Gov't Response to Lighten at 7; Docket No. 54, Gov't Response to Goss at 12).

The Court assumes that the Government's production has satisfied the defendants' requests in this regard.

  E. Rule 12(b)(4) Request of Notice

Pursuant to Rule 12(b)(4), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use. The Government's response is its notice of its intention

regarding use of evidence (Docket No. 22, Gov't Response to Lighten at 7-8; Docket No. 54, Gov't Response to Goss at 13).

This request is hereby **deemed moot**.

F. Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendants each seek a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report (Docket No. 21, Lighten Motion at Part III(b); Docket No. 52, Goss Motion at 18). The Government agrees to forward this material as it becomes available (Docket No. 22, Gov't Response to Lighten at 7; Docket No. 54, Gov't Response to Goss at 12).

This request is **granted**.

IV. Brady Material

Defendants next have requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 21, Lighten Motion at 4-7; Docket No. 52, Goss Motion at 24-38). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain. The Government's acknowledges in its written response its continuing duty under <u>Brady v. Maryland</u> and its willingness to produce impeachment <u>Brady</u> material pursuant to the District Court's pretrial Order (Docket No. 22, Gov't Response to Lighten at 8, 10; Docket No. 54, Gov't Response to Goss at 13, 15).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>Green</u>, <u>supra</u>, 144 F.R.D. 631.

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

V.      Federal Rules of Evidence 404(b), 608 and 609 Materials

Defendants next each request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 21, Lighten Motion at 7-8; Docket No. 52, Goss Motion at 39). They also request disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that each defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."

As for Rule 608, the Government states that it has no such information (Docket No. 22, Gov't Response to Lighten at 11; Docket No. 54, Gov't Response to Goss at 16). As for Rule 609, the Government has represented that it intends to use the criminal histories, to the extent permitted by Rule 609, and prior involvement of these defendants in distribution of controlled substances and will provide all such material to the defendants at the time the Government files its pretrial memorandum in this case (Docket No. 22, Gov't Response to Lighten at 11; Docket No. 54, Gov't Response to Goss at 16). This **is sufficient** in this case.

VI.     Disclosure of Jencks Material

Defendants next seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 21, Lighten Motion at 8-10; Docket No. 52, Goss Motion at 24, 40). Goss seeks this production at least 30 days in advance of trial (Docket No. 52, Goss Motion at 24), while Lighten seeks it sometime before trial (Docket No. 21, Lighten Motion at 10). The Jencks Act governs the disclosure of information and statements relating to the Government's

witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information pursuant to the District Court's pretrial Order (Docket No. 22, Gov't Response to Lighten at 11-12; Docket No. 54, Gov't Response to Goss at 17). The defendants have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case; thus the Government's proposed production schedule **suffices**.

VII.    Preservation of Evidence

Defendants have also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 21, Lighten Motion at 10; Docket No. 52, Goss Motion at 41). The Government agrees to preserve notes as statements under the Jencks Act, but it will not preserve handwritten notes of agents that have been transcribed (Docket No. 22, Gov't Response to Lighten at 12; Docket No. 54, Gov't Response to Goss at 17-18).

VIII.   Disclosure of Grand Jury Transcripts

Goss next seeks disclosure of grand jury transcripts, arguing that she faces a bare bones Indictment that does not allege specific acts or overt acts in committing the conspiracy alleged (Docket No. 52, Goss Motion at 41-42). Aside from some Government agents, Goss does not know the witnesses against her. The Government does not address this motion.

Defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs grand jury secrecy, <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 400 (1959). There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury produced for use on his cross-examination at

trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)). The burden is upon defendant to show a particularized need exists that outweighs the policy of grand jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, Goss has not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need). Merely stating the desire to make a vigorous defense in general or the lack of particularization in the Indictment does not show a particular need for a given portion of the grand jury testimony (such as specify which witness's testimony is necessary for that vigorous defense) or show whether that grand jury testimony is needed for impeachment, refreshing recollection or testing credibility.

Goss's motion on this ground is **denied**.

IX. Other Motions

    A.    Severance, Participation of Voir Dire

Goss next moves for severance of her from the case against Lighten and to be allowed to participate in voir dire outside of the jury's presence (Docket Nos. 52, Goss Motion at 43-44, 45 of 48) and leave to make other motions (many of which are better addressed just prior to any trial) (id. at 46-47 of 48). These motions are better addressed by the District Judge with plenary

jurisdiction over the trial of this matter; decision on these motions thus is **deferred** to the District Judge.

B. Audibility Hearing

Goss seeks an audibility hearing (Docket No. 52, Goss Motion at 44-45 of 48). The Government did not discuss this request. If, after having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled.

X. Schedule for Goss's Evidentiary Hearing

The Report and Recommendation entered on Goss's motion (Docket No. 60, at 9-12) ordered an evidentiary hearing on the discrete issue whether she dropped a plastic bag containing cocaine or whether agents searched her person and found that bag. That hearing is scheduled for **Friday, March 19, 2010, at 2 pm,** before the undersigned.

XI. Government's Reciprocal Discovery Request

Finally, the Government cross-moves for reciprocal discovery from defendants (Docket No. 22, Gov't Response to Lighten at 13-14; Docket No. 54, Gov't Response to Goss at 18-19), without objection by any defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendants are reminded of their respective obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motions (Docket No. 22, Gov't Response to Lighten at 13-14; Docket No. 54, Gov't Response to Goss at 18-19) are **granted**.

## CONCLUSION

For the reasons stated above, defendants Montu Lighten's (Docket No. 21) and Amanda Goss' (Docket No. 52) omnibus motions are **granted in part, denied in part**, as discussed above. The Government's reciprocal motion for discovery from defendants (Docket No. 22, Gov't Response to Lighten at 13-14; Docket No. 54, Gov't Response to Goss at 18-19) is **granted**.

An evidentiary hearing as to a portion of Goss's omnibus motion shall be held on **Friday, March 19, 2010, at 2 pm**, at 410 United States Courthouse, Buffalo, New York, before the Honorable Hugh B. Scott.

So Ordered.

                                            */s/ Hugh B. Scott*
                                                Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
        March 1, 2010