UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               DECISION AND ORDER
  v.               08-CR-214A

MONTU LIGHTEN,

      Defendant.

  The defendant, Montu Lighten, moved to suppress evidence seized and statements made at the time of the defendant's arrest on April 8, 2008.

  On March 1, 2010, Magistrate Judge Hugh B. Scott, to whom the motion had been referred, issue a report and recommendation recommending that the motion to suppress be denied.

  Defendant filed objections to the Magistrate Judge's recommendation that the motion to suppress be denied,[1] and the government filed a response. This Court heard oral argument on August 31, 2010.

  Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the report and recommendation to which objections have been made. Upon a <u>de novo</u> review, after reviewing the submissions and no objections having been filed, the Court adopts Magistrate Judge Scott's report and recommendation. Magistrate Judge Scott correctly determined that Drug Enforcement

---

[1] Although the Magistrate Judge's report and recommendation addressed other matters, defendant's objection is limited to the suppression issue.

Agents had probable cause to arrest the defendant on April 8, 2008, based upon: (1) information from a reliable[2] confidential informant stating that he had previously obtained cocaine from the defendant; (2) a recorded conversation between the defendant and the confidential informant wherein the defendant agreed to supply the informant with "four and one-half" (interpreted as code for a "big eight" of cocaine - 4 ½ ounces) at a price of $4,500; (3) the defendant's agreement in that same conversation to meet at a prearranged time and place to "make it happen;" (4) subsequent actions by the defendant, observed while under surveillance, that were consistent with the defendant meeting up with his supplier and obtaining the drugs to resell to the informant; and (5) the defendant's arrival at the prearranged time and place immediately after meeting up with the person believed to be his supplier. The foregoing information was adequate to provide agents with probable cause to effectuate the arrest of the defendant upon his arrival at the drug buy location.

The Magistrate Judge held that, alternatively, the officers had sufficient evidence to conduct a *Terry* stop. In the process of stopping the defendant's vehicle and attempting to put him under arrest, they also extracted the defendant's passenger, Amanda Goss. Ms. Goss dropped a package of cocaine as she was exiting the vehicle. Magistrate Judge Scott found that the discovery of the cocaine provided ample cause to arrest at that juncture.

The defendant argues that this decision was in error because he was already being placed under arrest when Ms. Goss dropped the drugs. The record is not entirely

---

[2] Testimony at the suppression hearing revealed that the confidential informant had provided reliable information in the past.

clear on that point. It appears to this Court that some officers were in the process of extracting the defendant from the vehicle to place him under arrest when other officers extracting Ms. Goss discovered the drugs. However, the Court need not address this point because it is clear that the officers had probable cause to arrest the defendant at the outset for the reasons stated above. See Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002) ("In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.")(internal quotations omitted). Here, the information of a reliable, known informant was being corroborated by recorded conversations wherein the defendant agreed (albeit in code) to provide the informant with "four and one-half" ounces in exchange for $4,500, and had agreed to meet upon at a pre-arranged time and place to "make it happen." Agents then saw the defendant meet up with another person (believed to be the defendant's supplier), get into that person's car and drive around the block with that person, before getting back into his own car and meeting up with the informant at the predetermined location. The totality of the circumstances provided ample probable cause to arrest the defendant.

Accordingly, for the reasons stated by Magistrate Judge Scott, the defendant's motion to suppress evidence is denied.

The parties shall appear in Court on Thursday, September 30, 2010, at 9:00 a.m. for a meeting to set a trial date.

clear on that point. It appears to this Court that some officers were in the process of extracting the defendant from the vehicle to place him under arrest when other officers extracting Ms. Goss discovered the drugs. However, the Court need not address this point because it is clear that the officers had probable cause to arrest the defendant at the outset for the reasons stated above. See Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002) ("In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.")(internal quotations omitted). Here, the information of a reliable, known informant was being corroborated by recorded conversations wherein the defendant agreed (albeit in code) to provide the informant with "four and one-half" ounces in exchange for $4,500, and had agreed to meet upon at a pre-arranged time and place to "make it happen." Agents then saw the defendant meet up with another person (believed to be the defendant's supplier), get into that person's car and drive around the block with that person, before getting back into his own car and meeting up with the informant at the predetermined location. The totality of the circumstances provided ample probable cause to arrest the defendant.

Accordingly, for the reasons stated by Magistrate Judge Scott, the defendant's motion to suppress evidence is denied.

The parties shall appear in Court on Thursday, September 30, 2010, at 9:00 a.m. for a meeting to set a trial date.

SO ORDERED.

                                                   *s/ Richard J. Arcara*
                                                   HONORABLE RICHARD J. ARCARA
                                                   UNITED STATES DISTRICT JUDGE

DATED: September 28, 2010